EXHIBIT "A"

## New Jersey Police Crash Investigation Report

Page: 1 of 2    ☐ Fatal    ☑ Reportable    ☐ Non-Reportable    ☐ Change Report

| 1 Case Number I-2016-072423 | 10 Crash Occured On: BRIDGE PLAZA NORTH | Dir E | 11 Speed Limit 25 | 12 Route No -- | Suffix -- | 13 Milepost -- |

2 Police Dept. of FORT LEE POLICE DEPARTMENT   Code 01

At Intersection with: ☑ Feet ☐ Miles   2.5   Road Name: N ☑E S ☐W   of: LEMOINE AVENUE   18 Speed Limit 25

3 Station/Precinct 1327 16TH STREET

19 Ramp ☐ To ☐ From:   17 Cross Road Name/Route No.   ☐ NB ☐ SB   ☐ EB ☐ WB

| 4 Date of Crash mm dd yy 10 03 18 | 5 Day of Week Wed | 6 Time (use 2400 hrs) 09:31 | 7 Municipality Code 0219 | 8 Total Injured 1 | 9 Total Killed | 21 Latitude -- | 20 Route Name/Route No. -- | 22 Longitude -- |

**Vehicle 1**

| 23 Veh # 1 | 24 Policy No 026221113 | 25 NJ Ins Code | ☐ Parked ☐ Ped ☐ Pedalcyclist ☐ Resp to Emergency ☐ Hit & Run |

| 26 Driver's First Name MICHAEL A. TESSEL | Initial | Last Name | 29 Sex M |

27 Number & Street 176 PINEVIEW AVE

28 City BARDONIA   State NY   Zip 10954

| 30 Eyes 02 | DL Class CM | Restrictions -- | Endorsements -- | 31 State NY |

32 Drivers License No 150426617   33 DOB mm 03 dd 11 yy 64   34 Expires mm 03 yy 26

35 Owner's First Name ☐ Same As Driver   Initial   Last Name DATA TRUCKING INC.

36 Number & Street 176 PINEVIEW AVENUE

37 City BARDONIA   State NY   Zip 10954

| 38 Make ISUZU | 39 Model FTR | 40 Color WHITE | 41 Year 2005 | 42 Plate No. 13039MJ | 43 State NY |

44 VIN 4GTJ7F1355F700076   45 Expires 03 19

46 Vehicle Removed To --
☑ Driven ☐ Towed Disabled ☐ Towed Disabled & Impounded
☑ Left at Scene ☐ Towed Impounded

47 Authority ☐ Owner ☑ Driver ☐ Police

48 Alcohol/Drug Test Given: ☐ No ☑ Yes ☐ Refused
Type: ☐ Breath ☐ Blood ☐ Urine
Results: 0 . % ☐ Pending   Hazard Class --   Placard No. --

49 Hazardous Material ☑ None ☐ On Board ☐ Spill

50 Carrier No ☑ USDOT 1123136 ☐ None   ☐ MC/MX --

51 Commercial Vehicle Weight ☐ < 10,000 lbs ☑ 10,001 - 26,000 lbs ☐ ≥ 26,001 lbs

52 Carrier name DATA TRUCKING INC

Number & Street 176 PINEVIEW AVENUE

City BARDONIA   State NY   Zip 10954

**Vehicle 2**

53 Veh # P1   ☐ Parked ☑ Ped ☐ Pedalcyclist ☐ Resp to Emergency ☐ Hit & Run

54 Policy No --

| 56 Driver's First Name JEAN E. SCHMIDT | Initial | Last Name | 59 Sex F |

57 Number & Street 1500 PALISADE AVENUE APT 24E

58 City FORT LEE   State NJ   Zip 07024

| 60 Eyes -- | DL Class -- | Restrictions -- | Endorsements -- | 61 State -- |

62 Drivers License No --   63 DOB mm 04 dd 17 yy 25   64 Expires mm -- yy --

65 Owner's First Name ☐ Same As Driver   Initial   Last Name

66 Number & Street --

67 City --   State --   Zip --

| 68 Make -- | 69 Model -- | 70 Color -- | 71 Year -- | 72 Plate No. -- | 73 State -- |

74 VIN --   75 Expires --

76 Vehicle Removed To --
☐ Driven ☐ Towed Disabled ☐ Towed Disabled & Impounded
☐ Left at Scene ☐ Towed Impounded

77 Authority ☐ Owner ☐ Driver ☐ Police

78 Alcohol/Drug Test Given: ☐ No ☐ Yes ☐ Refused
Type: ☐ Breath ☐ Blood ☐ Urine
Results: 0 . % ☐ Pending   Hazard Class --   Placard No. --

79 Hazardous Material ☐ None ☐ On Board ☐ Spill

80 Carrier No ☐ USDOT -- ☐ None   ☐ MC/MX --

81 Commercial Vehicle Weight ☐ < 10,000 lbs ☐ 10,001 - 26,000 lbs ☐ ≥ 26,001 lbs

82 Carrier name --

Number & Street --

City --   State --   Zip --

135 Damage To Other Property ☐ Yes (if yes, describe) ☑ No   --

| Oper | 136 Charge | 137 Summons No | Oper | 138 Charge | 139 Summons No |
| -- | -- | -- | -- | -- | -- |
| Oper | 140 Charge | 141 Summons No | Oper | 142 Charge | 143 Summons No |
| -- | -- | -- | -- | -- | -- |

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Address of Occupants - if Deceased, Date & Time of Death |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| A | 01 | 01 | 01 | -- | 54 | M | -- | -- | -- | 11 | 04 | -- | -- | TESSEL, MICHAEL A. 176 PINEVIEW AVE. BARDONIA NY 10954 |
| B | P | -- | 01 | 01 | 92 | F | 01 | 04 | -- | -- | -- | -- | 5204 | SCHMIDT, JEAN E.   10/03/2018 23:05 1500 PALISADE AVENUE APT 24E, FORT LEE NJ,070 |
| C | | | | | | | | | | | | | | -- |
| D | | | | | | | | | | | | | | -- |

NJTR - 1 (Rev. 01/17)

Received Date: 10/25/2018

| | | New Jersey Police | | | | | | | Case Number | | | | | PAGE __2__ OF __2__ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

### New Jersey Police
### Crash Investigation Report

Case Number I-2018-072423

PAGE 2 OF 2

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Address of Occupants If Deceased, Date & Time of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| E | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | --                          --                          -- |
| F | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | --                          --                          -- |
| G | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | --                          --                          -- |
| H | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | --                          --                          -- |
| I | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | --                          --                          -- |
| J | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | --                          --                          -- |

**144 Crash Diagram**



Show North by Arrow
(Not to Scale)



Lemoine Avenue (State Route 67)

Bridge Plaza North

**145 Crash Description**

Driver of V1 stated he had the green signal and just completed a left turn onto Bridge Plaza North eastbound from Lemoine Avenue southbound. Driver of V1 said that Pedestrian 1 (P1) suddenly appeared in his path of travel. Driver of V1 explained he applied his brakes trying to avoid P1 but struck her with his front bumper.
P1 was incoherent and I was unable to obtain a statement from her.
Witness 1 stated he was stopped at the red signal on Bridge Plaza North westbound at its intersection with Lemoine Avenue. Witness 1 said he was at the stop bar with no vehicles stopped in front of him. Witness 1 said he saw P1 crossing Bridge Plaza North from his right to left when V1 stuck her on her right side.
**Officer Findings: This crash was recorded by a surveillance camera from A-1 Towing and Auto Repair (2132 Lemoine Avenue). Specifically, this business is located on the northeast corner of Bridge Plaza North and Lemoine Avenue. P1 can be seen crossing Bridge Plaza North from north to south roughly 25 feet from the marked crosswalk. V1 is seen turning onto Bridge Plaza North and then striking P1 with its front bumper.
*V1 Insurance Company: Progressive Casualty Insurance Company, 6300 Wilson Mills Rd, Mayfield Village OH 44143
***Witness 1: Andrew J. Kraus   D.O.B. 7/5/1989

| 146 Officer's Signature P.O. MCCUE, MATTHEW V | 147 Badge No. 301 | 148 Reviewed By LIEUTENANT MIRKOVI | Badge No. 249 | 149 Case Status ☐ Pending ☑ Complete |
|---|---|---|---|---|

NJTR - 1 (Rev. 01/17)

Received Date: 10/25/2018

EXHIBIT "B"

ROBERT B. LINDER, ESQ. 026251988
Attorney-At-Law
2 North Dean Street, Suite 206
Englewood, New Jersey   07631
(201) 894-1800
Attorney for Plaintiff(s)

| | |
|---|---|
| ESTATE OF JEAN E. SCHMIDT BY THE EXECUTORS OF THE ESTATE, RICHARD S. HONG AND DAWN FREEBERG ESPINDOLA, AND RICHARD S. HONG AND DAWN FREEBERG ESPINDOLA, INDIVIDUALLY | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO.: |

:                SUPERIOR COURT OF NEW JERSEY
:                LAW DIVISION: BERGEN COUNTY
:                DOCKET NO.:

*Plaintiff(s),*

*Vs.*

MICHAEL A. TESSEL, DATA
TRUCKING, INC., JOHN DOE 1-5,
JOHN DOE INC. 1-5 and the XYZ
CORPORATION 1-5, (the latter names
being fictitious, the true identities being
presently unknown representing the
owners, operators, lessors, lessees and/or
other negligent parties), RICHARD
ROE 1-5, RICHARD ROE INC. 1-5,
and the EFG CORPORATION 1-5, the
latter names being fictitious, (the true
identities being presently unknown of
the parties responsible for screening,
hiring, orienting, training, retaining
and/or supervising defendant driver,
JANE DOE 1-5, JANE DOE INC. 1-5,
and the ABC CORPORATION 1-5, (the
latter names being fictitious, the true
identities being presently unknown were
the servants, agents, employees, owners,
operators, lessors, lessees and/or other
negligent parties responsible for care,
repair, service, and maintenance of
defendants' vehicles),

*Defendant(s).*

Civil Action

**COMPLAINT
PLAINTIFFS DEMAND
JURY TRIAL, DEMAND FOR
INTERROGATORIES, DEMAND
FOR INSURANCE COVERAGE,
DEMAND FOR DOCUMENTS,
AND DESIGNATION OF
TRIAL COUNSEL**

Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and Richard S. Hong and Dawn Freeberg Espindola, individually, and Plaintiff decedent, Jean E. Schmidt once residing at 1500 Palisade Avenue, Apt. 24E, Fort Lee, New Jersey complain of the defendants and say:

### FIRST COUNT

1.  On or about October 3, 2018, Plaintiff decedent, Jean E. Schmidt was lawfully walking at the intersection of Bridge Plaza North and Lemoine Avenue in Fort Lee, New Jersey.

2.  On or about October 3, 2018, Defendant, Data Trucking, Inc. and/or Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees and/or other negligent parties), owned a 2005 White Isuzu truck with VIN 4GTJ7F1355F700076.

3.  On or about October 3, 2018, Defendant, Michael A. Tessel was operating a 2005 White Isuzu truck with VIN 4GTJ7F1355F700076 that was owned by Defendant, Data Trucking, Inc. and/or Defendants, John Doe 1-5, John Doe

Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees and/or other negligent parties), at the intersection of Bridge Plaza North and Lemoine Avenue in Fort Lee, New Jersey.

4.  On or about October 3, 2018, Defendant, Michael A. Tessel was an owner, servant, agent and/or employee of Defendant, Data Trucking, Inc. and/or Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees and/or other negligent parties).

5.  On or about October 3, 2018, Defendant, Data Trucking, Inc. and/or Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees and/or other negligent parties), permitted Defendant, Michael A. Tessel to operate a 2005 White Isuzu truck with VIN 4GTJ7F1355F700076.

6.  On or about October 3, 2018, Defendant, Michael A. Tessel drove, controlled, maintained, and/or operated

3

the 2005 White Isuzu truck with VIN 4GTJ7F1355F700076 in a careless, reckless and negligent manner so as to cause severe and catastrophic injuries resulting in death as a result of a collision between the motor vehicle operated by Defendant, Michael A. Tessel and the pedestrian, Plaintiff Decedent, Jean E. Schmidt.

7.   On or before October 3, 2018, Defendants, Richard Roe 1-5, Richard Roe Inc. 1-5, EFG Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown of the parties responsible for screening, hiring, orienting, training, retaining and/or supervising defendant driver) hired and/or permitted Defendant, Michael A. Tessel to be hired by and work for Defendant, Data Trucking, Inc. as a truck driver.

8.   On and before October 3, 2018, Defendant, Data Trucking, Inc. and/or Defendants, Jane Doe 1-5, Jane Doe Inc. 1-5, and the ABC Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown were the servants, agents, employees, owners, operators, lessors, lessees and/or other negligent parties responsible for care, repair, service, and maintenance of defendants' vehicles), were responsible for the care, repair, service, and maintenance of defendants' fleet of motor vehicles including but not limited to a 2005 White

4

Isuzu truck with VIN 4GTJ7F1355F700076 operated by Defendant, Michael A. Tessel on October 3, 2018.

9. As a direct and proximate result of the aforesaid carelessness, recklessness and negligence of the Defendants, Plaintiff decedent, Jean E. Schmidt was caused to sustain catastrophic injuries which resulted in her death.

10. On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

11. Plaintiff decedent, Jean E. Schmidt left surviving her niece, Dawn Freeberg Espindola.

12. On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Richard S. Hong and Dawn Freeberg Espindola as the Executors of the Estate of Jean E. Schmidt.

13. In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for pecuniary injuries pursuant to New Jersey's Wrongful Death statute, N.J.S.A. 2A:31-1.

14. As a result of the negligence of the Defendants, jointly and/or severally, the Plaintiff decedent, Jean E.

Schmidt sustained serious personal injuries resulting in death including but not limited to a significant limitation of use of a body function or system; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; a fracture; significant disfigurement; dismemberment; an inability to perform substantially all of her usual and customary daily activities for at least ninety (90) days with resultant medical and other expenses, loss of income and reduced earning capacity, pain and suffering, distress and pre-impact terror before, during and after the accident, an interference with the ability to engage in active pursuits; and an impairment of the quality of life.

**WHEREFORE**, Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola, individually, demand judgment against the Defendants jointly and/or severally on the First Count for damages, interest and costs.


## SECOND COUNT

1. The allegations of the FIRST COUNT are repeated as if realleged in full.

6

2.    Defendant, Data Trucking, Inc. and/or Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees or other negligent parties) are liable for the wrongful conduct, fault, negligence, recklessness, carelessness and breach of duties of its owner, servant, agent, and employee, Defendant, Michael A. Tessel in accordance with the doctrine of respondeat superior.

3.    As a direct and proximate result of the aforesaid carelessness, negligence, recklessness, and/or negligent acts or omissions of the Defendants, Plaintiff decedent Jean E. Schmidt was caused to sustain catastrophic injuries resulting in her death.

4.    On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

5.    Plaintiff decedent, Jean E. Schmidt left surviving her niece, Dawn Freeberg Espindola.

6.    On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Plaintiff, Richard S. Hong and Dawn Freeberg Espindola as the Executors of the

Estate of Jean E. Schmidt.

7.   In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for pecuniary injuries pursuant to New Jersey's Wrongful Death statute, N.J.S.A. 2A:31-1.

**WHEREFORE**, Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola, individually, demand judgment against the Defendants jointly and/or severally on the Second Count for damages, interest and costs.

## THIRD COUNT

1.   The allegations of the FIRST COUNT and SECOND COUNT are repeated as if realleged in full.

2.   Defendant, Data Trucking, Inc. and Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees or other negligent parties), are liable for the wrongful conduct, fault, negligence, recklessness, carelessness and breach of duties of its owner, servant, agent, and employee, Defendant, Michael

A. Tessel in accordance with the doctrine of respondeat superior.

3. As a direct and proximate result of the aforesaid carelessness, negligence, recklessness, negligent acts and/or omissions of the Defendants, Plaintiff decedent Jean E. Schmidt was caused to sustain catastrophic injuries and suffer great emotional and physical anxiety, pain, suffering and distress and pre-impact terror before, during and after the accident.

4. On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

5. Plaintiff decedent, Jean E. Schmidt left surviving her niece, Dawn Freeberg Espindola.

6. On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Plaintiff, Richard S. Hong and Dawn Freeberg Espindola as the Executors of the Estate of Jean E. Schmidt.

7. In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for injuries of a personal and pecuniary nature suffered by Plaintiff decedent, Jean E. Schmidt as well as medical,

9

hospital, and funeral expenses and costs of decedent's burial.

**WHEREFORE**, Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and Plaintiff, Richard S. Hong and Dawn Freeberg Espindola, individually, demand judgment against the Defendants jointly and/or severally on the Third Count for damages, interest and costs.

### FOURTH COUNT

1. The allegations of the FIRST COUNT, SECOND COUNT and THIRD COUNT are repeated as if realleged in full.

2. Defendant, Data Trucking, Inc. and Defendants, Richard Roe 1-5, Richard Roe Inc. 1-5, EFG Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown of the parties responsible for screening, hiring, orienting, training, retaining and supervising defendant driver), are directly liable for their own negligent failures, acts and/or omissions in driver screening, hiring, orienting, training, retaining and supervising and/or permitted the wrongful conduct, fault, negligence, recklessness, carelessness and breach of duties of its owners, agents, servants and employees, such as Defendant, Michael A. Tessel.

10

3.    As a direct and proximate result of the aforesaid carelessness, recklessness, negligence and/or negligent acts or omissions of the defendants, Plaintiff decedent, Jean E. Schmidt was caused to sustain catastrophic injuries which resulted in her death.

4.    On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

5.    Plaintiff decedent, Jean E. Schmidt left surviving her niece, Dawn Freeberg Espindola.

6.    On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Plaintiff, Richard S. Hong and Dawn Freeberg Espindola as the Executors of the Estate of Jean E. Schmidt.

7.    In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiff, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for pecuniary injuries pursuant to New Jersey's Wrongful Death Statute N.J.S.A. 2A:31-1.

**WHEREFORE**, Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and Richard S. Hong and Dawn Freeberg Espindola, individually, demand judgment against the Defendants jointly

11

and/or severally on the Fourth Count for damages, interest and costs.

## FIFTH COUNT

1. The allegations of the FIRST COUNT, SECOND COUNT, THIRD COUNT and FOURTH COUNT are repeated as if realleged in full.

2. Defendant, Data Trucking, Inc. and Defendants, Richard Roe 1-5, Richard Roe Inc. 1-5, EFG Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown of the parties responsible for screening, hiring, orienting, training, retaining and supervising defendant driver), are directly liable for their own negligent failures, acts and/or omissions in driver screening, hiring, orienting, training, retaining and supervising and/or permitted the wrongful conduct, fault, negligence, recklessness, carelessness and breach of duties of its owner, agents, servants and employees, such as Defendant, Michael A. Tessel.

3. On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

4. In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiffs, Richard S. Hong and Dawn Freeberg

12

Espindola bring this action against Defendants for injuries of a personal, pecuniary and punitive nature suffered by Plaintiff decedent, Jean E. Schmidt as well as medical, hospital, and funeral expenses and costs of decedent's burial.

5. As a direct and proximate result of the aforesaid carelessness, recklessness, negligence and negligent acts or omissions of the defendants, Plaintiff decedent, Jean E. Schmidt was caused to sustain catastrophic injuries which resulted in her death.

6. Plaintiff decedent, Jean E. Schmidt left surviving her niece, Dawn Freeberg Espindola.

7. On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as the Executors of the Estate of Jean E. Schmidt.

8. In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiff, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for pecuniary injuries and punitive damages pursuant to New Jersey's Wrongful Death Statute N.J.S.A. 2A:31-1.

**WHEREFORE**, Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and Plaintiffs, Richard S. Hong and Dawn Freeberg

Espindola, individually, demand judgment against the Defendants jointly and/or severally on the Fifth Count for punitive damages, interest and costs.

## SIXTH COUNT

1. The allegations of the FIRST COUNT, SECOND COUNT, THIRD COUNT, FOURTH COUNT and FIFTH COUNT are repeated as if realleged in full.

2. Defendant, Data Trucking, Inc. and Defendants, Richard Roe 1-5, Richard Roe Inc. 1-5, EFG Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown of the parties responsible for screening, hiring, orienting, training, retaining and supervising defendant driver), are directly liable for their own negligent failures in driver screening, hiring, orienting, training, retaining and supervising and/or permitted the wrongful conduct, fault, negligence, recklessness, carelessness and breach of duties of its owners, agents, servants and employees, such as Defendant, Michael A. Tessel.

3. As a direct and proximate result of the aforesaid carelessness, recklessness, negligence and negligent acts or omissions of the defendants, Plaintiff decedent, Jean E. Schmidt was caused to sustain catastrophic

14

injuries and suffer great emotional and physical anxiety, pain, suffering and distress and pre-impact terror before, during and after the accident.

4. On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

5. Plaintiff decedent, Jean E. Schmidt left surviving her niece, Dawn Freeberg Espindola.

6. On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Plaintiff, Richard S. Hong and Dawn Freeberg Espindola as the Executors of the Estate of Jean E. Schmidt.

7. In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for injuries of a personal and pecuniary nature suffered by Plaintiff decedent, Jean E. Schmidt as well as medical, hospital, and funeral expenses and costs of decedent's burial.

8. As a result of the negligence of the Defendants, jointly and/or severally, the Plaintiff decedent, Jean E. Schmidt sustained serious personal injuries resulting in death including but not limited to a significant

limitation of use of a body function or system; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; a fracture; significant disfigurement; dismemberment; an inability to perform substantially all of her usual and customary daily activities for at least ninety (90) days with resultant medical and other expenses, loss of income and reduced earning capacity, pain and suffering, distress and pre-impact terror before, during and after the accident, an interference with the ability to engage in active pursuits; and an impairment of the quality of life.

**WHEREFORE**, Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola, individually, demand judgment against the Defendants jointly and/or severally on the Sixth Count for damages, interest and costs.


## SEVENTH COUNT

1.  The allegations of the FIRST COUNT, SECOND COUNT, THIRD COUNT, FOURTH COUNT, FIFTH COUNT and SIXTH COUNT are repeated as if realleged in full.

16

2.    Defendant, Michael A. Tessel, Defendant, Data Trucking, Inc., and/or Defendants, Jane Doe 1-5, Jane Doe Inc. 1-5, and the ABC Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown were the owners, servants, agents, employees, owners, operators, lessors, lessees or other negligent parties responsible for care, repair, service, and/or maintenance of defendants' vehicles), were responsible for the care, repair, service, and/or maintenance of defendants' motor vehicles.

3.    Defendant, Michael A. Tessel, Defendant, Data Trucking, Inc., and/or Defendants, Jane Doe 1-5, Jane Doe Inc. 1-5, and the ABC Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown were the owners, servants, agents, employees, owners, operators, lessors, lessees or other negligent parties responsible for care, repair, service, and/or maintenance of defendants' vehicles), carelessly, recklessly, and negligently cared for, repaired, serviced and/or maintained defendants vehicles and/or permitted the wrongful conduct, fault, negligence, recklessness, carelessness and breach of duties of its agents, servants and employees to care for, repair, service and/or maintain defendants' vehicles.

17

4.    As a direct and proximate result of the aforesaid carelessness, recklessness, negligence and/or negligent acts or omissions of Defendants with respect to the care, repair, service, and/or maintenance of defendants' motor vehicle(s), the vehicle that Defendant, Michael A. Tessel was operating struck and killed the Plaintiff decedent, Jean E. Schmidt.

5.    As a direct and proximate result of the aforesaid carelessness, recklessness, negligence and/or negligent acts or omissions of the Defendants, Plaintiff decedent, Jean E. Schmidt was caused to sustain catastrophic injuries which resulted in her death.

6.    On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

7.    Plaintiff decedent, Jean E. Schmidt left surviving her niece, Dawn Freeberg Espindola.

8.    On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as the Executors of the Estate of Jean E. Schmidt.

9.    In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiff, Richard S. Hong and Dawn Freeberg

Espindola bring this action against Defendants for pecuniary injuries pursuant to New Jersey's Wrongful Death Statute N.J.S.A. 2A:31-1.

10. In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for injuries of a personal, pecuniary and punitive nature suffered by Plaintiff decedent, Jean E. Schmidt as well as medical, hospital, and funeral expenses and costs of decedent's burial.

11. As a result of the negligence of the Defendants, jointly and/or severally, the Plaintiff decedent, Jean E. Schmidt sustained serious personal injuries resulting in death including but not limited to a significant limitation of use of a body function or system; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; a fracture; significant disfigurement; dismemberment; an inability to perform substantially all of her usual and customary daily activities for at least ninety (90) days with resultant medical and other expenses, loss of income and reduced earning capacity, pain and suffering, distress and pre-impact terror before, during and after the accident, an

interference with the ability to engage in active pursuits; and an impairment of the quality of life.

12.   In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiff, Richard S. Hong and brings this action against Defendants for pecuniary injuries and punitive damages pursuant to New Jersey's Wrongful Death Statute N.J.S.A. 2A:31-1.

**WHEREFORE**, Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola and Plaintiff, Richard S. Hong and Dawn Freeberg Espindola, individually, demand judgment against the Defendants jointly and/or severally on the Seventh Count for pecuniary damages, punitive damages, interest and costs.

## EIGHTH COUNT

1.   The allegations of the FIRST COUNT, SECOND COUNT, THIRD COUNT, FOURTH COUNT, FIFTH COUNT, SIXTH COUNT and SEVENTH COUNT are repeated as if realleged in full.

2.   On October 3, 2018, Defendant, Data Trucking, Inc. through its owners, servants, agents, employees and/or independent contractors was in the business of providing transportation services.

3.   On or prior to October 3, 2018, Defendant, Data Trucking, Inc., and/or Defendants, Richard Roe 1-5,

20

Richard Roe Inc. 1-5, EFG Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown of the parties responsible for screening, hiring, orienting, training, retaining and supervising defendant driver), permitted Defendant, Michael A. Tessel to be hired by and work for Defendant, Data Trucking, Inc. as a truck driver.

4.  On or before October 3, 2018, Defendant, Michael A. Tessel had a history of multiple motor vehicle violations and multiple motor vehicle accidents that rendered him unfit to operate a motor vehicle on the public roadways.

5.  At all times herein, Defendant, Data Trucking, Inc., and/or Defendants, Richard Roe 1-5, Richard Roe Inc. 1-5, EFG Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown of the parties responsible for screening, hiring, orienting, training, retaining and supervising defendant driver), were negligent in the screening, hiring, orienting, training, retaining and supervision of Defendant, Michael A. Tessel's employment and continued employment as an operator of Defendant, Data Trucking, Inc.'s motor vehicle/truck.

21

6.  As a direct and proximate result of the aforesaid carelessness, recklessness, negligence and/or negligent acts or omissions of Defendants with respect to the screening, hiring, orienting, training, retaining and supervision of Defendant, Michael A. Tessel's employment and continued employment as an operator of Defendant, Data Trucking, Inc.'s motor vehicle/truck, Defendant, Michael A. Tessel struck and killed the Plaintiff decedent, Jean E. Schmidt.

7.  As a direct and proximate result of the aforesaid carelessness, recklessness, and/or negligent acts or omissions of the defendants, Plaintiff decedent, Jean E. Schmidt was caused to sustain catastrophic injuries and suffer great emotional and physical anxiety, pain, suffering and distress and pre-impact terror before, during and after the accident.

8.  On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

9.  Plaintiff decedent, Jean E. Schmidt left surviving niece, Dawn Freeberg Espindola.

10. On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Plaintiffs, Richard

S. Hong and Dawn Freeberg Espindola as the Executors of the Estate of Jean E. Schmidt.

11. In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for injuries of a personal and pecuniary nature suffered by Plaintiff decedent, Jean E. Schmidt as well as medical, hospital, and funeral expenses and costs of decedent's burial.

12. As a result of the negligence of the Defendants, jointly and/or severally, the Plaintiff decedent, Jean E. Schmidt sustained serious personal injuries resulting in death including but not limited to a significant limitation of use of a body function or system; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; a fracture; significant disfigurement; dismemberment; an inability to perform substantially all of her usual and customary daily activities for at least ninety (90) days with resultant medical and other expenses, loss of income and reduced earning capacity, pain and suffering, distress and pre-impact terror before, during and after the accident, an interference with the ability to engage in active

23

pursuits; and an impairment of the quality of life.

**WHEREFORE**, Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola, individually, demand judgment against the Defendants jointly and/or severally on the Eighth Count for pecuniary damages, punitive damages, interest and costs.

## NINTH COUNT

1.    The allegations of the FIRST COUNT, SECOND COUNT, THIRD COUNT, FOURTH COUNT, FIFTH COUNT, SIXTH COUNT, SEVENTH COUNT, and EIGHTH COUNT are repeated as if realleged in full.

2.    On or before October 3, 2018, Defendant, Data Trucking, Inc., and/or Defendants, Richard Roe 1-5, Richard Roe Inc. 1-5, EFG Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown of the parties responsible for screening, hiring, orienting, training, retaining and supervising defendant driver) willfully, wantonly and maliciously and with gross negligence employed Defendant, Michael A. Tessel as an operator of a motor vehicle in reckless disregard of plaintiff decedent's right as a citizen to the safe use of the public roadways.

3.   On and before October 3, 2018, Defendant, Michael A. Tessel willfully, wantonly, and recklessly represented to Defendant, Data Trucking, Inc., and/or Defendants, Richard Roe 1-5, Richard Roe Inc. 1-5, EFG Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown of the parties responsible for screening, hiring, orienting, training, retaining and supervising defendant driver) that he was competent, qualified and a safe driver without a history of motor vehicle violations, infractions or summonses.

13.   As a direct result of the gross negligence and willful, wanton, malicious and reckless conduct of Defendant, Data Trucking, Inc., Defendant, Michael A. Tessel, and/or Defendants, Richard Roe 1-5, Richard Roe Inc. 1-5, EFG Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown of the parties responsible for screening, hiring, orienting, training, retaining and supervising defendant driver) the plaintiff decedent Jean E. Schmidt sustained carelessness, recklessness, negligence and acts or omissions of the defendants, Plaintiff decedent, Jean E. Schmidt was caused to sustain catastrophic injuries and suffer great emotional and physical anxiety, pain, suffering and distress and pre-impact terror before,

during and after the accident.

14. On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

15. Plaintiff decedent, Jean E. Schmidt left surviving a niece, Dawn Freeberg Espindola.

16. On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as the Executors of the Estate of Jean E. Schmidt.

17. In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for injuries of a personal, pecuniary and punitive nature suffered by Plaintiff decedent, Jean E. Schmidt as well as medical, hospital, and funeral expenses and costs of decedent's burial.

18. As a result of the negligence of the Defendants, jointly and/or severally, the Plaintiff decedent, Jean E. Schmidt sustained serious personal injuries resulting in death including but not limited to a significant limitation of use of a body function or system; permanent loss of use of a body organ, member, function

or system; permanent consequential limitation of use of a body organ or member; a fracture; significant disfigurement; dismemberment; an inability to perform substantially all of her usual and customary daily activities for at least ninety (90) days with resultant medical and other expenses, loss of income and reduced earning capacity, pain and suffering, distress and pre-impact terror before, during and after the accident, an interference with the ability to engage in active pursuits; and an impairment of the quality of life.

**WHEREFORE**, Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola, individually, demand judgment against the Defendants jointly and/or severally on the Ninth Count for pecuniary damages, punitive damages, interest and costs.

## TENTH COUNT

1. The allegations of the FIRST COUNT, SECOND COUNT, THIRD COUNT, FOURTH COUNT, FIFTH COUNT, SIXTH COUNT, SEVENTH COUNT, EIGHTH COUNT, and NINTH COUNT are repeated as if realleged in full.

2. At all relevant times, Plaintiff decedent, Jean E. Schmidt was the aunt of wife of Plaintiff, Dawn Freeberg

Espindola.

3.   At all relevant times, Plaintiff decedent, Jean E. Schmidt was an active member and financial supporter of the First Presbyterian Church of Englewood with Pastor Richard S. Hong presiding.

4.   On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

5.   As a result of the negligence of the Defendants, jointly and/or severally, the Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola have been deprived of the services, society, consortium, and financial support of Plaintiff Decedent, Jean E. Schmidt and will be deprived of same for a long period of time.

   **WHEREFORE**, Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola demand judgment against the Defendants jointly and/or severally on the Tenth Count for damages, interest and costs.


### ELEVENTH COUNT

1.   The allegations of the FIRST COUNT, SECOND COUNT, THIRD COUNT, FOURTH COUNT, FIFTH COUNT, SIXTH COUNT, SEVENTH COUNT, EIGHTH COUNT, NINTH COUNT, and TENTH COUNT, are

repeated as if realleged in full are repeated as if realleged in full.

2.    At all relevant times, Defendant, Data Trucking, Inc., Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees or other negligent parties), and/or Jane Doe 1-5, Jane Doe inc. 1-5, and the ABC Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown were the servants, agents, employees, owners, operators, lessors, lessees or other negligent parties responsible for care, repair, service, and maintenance of defendants' vehicles), were subject to the general duty imposed on all persons not to expose others to reasonably foreseeable risks of injury.

3.    On and before October 3, 2018, Defendant, Data Trucking, Inc., Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees or other negligent parties), and/or Defendants, Jane Doe 1-5, Jane Doe Inc. 1-5, and the ABC Corporation 1-5, the latter names being fictitious, (the true identities

29

being presently unknown were the servants, agents, employees, owners, operators, lessors, lessees or other negligent parties responsible for care, repair, service, and maintenance of defendants' vehicles) permitted Defendant, Michael A. Tessel to operate their motor vehicle.

4. Defendant, Data Trucking, Inc., Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees or other negligent parties), and/or Defendants, Jane Doe 1-5, Jane Doe Inc. 1-5, and the ABC Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown were the servants, agents, employees, owners, operators, lessors, lessees or other negligent parties responsible for care, repair, service, and maintenance of defendants' vehicles) had a duty to exercise reasonable care in entrusting their motor vehicle to anyone who would create a reasonably foreseeable risk of injury to others.

5. On or about October 3, 2018, Defendant, Data Trucking, Inc., Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being

fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees or other negligent parties), and/or Jane Doe 1-5, Jane Doe Inc. 1-5, and the ABC Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown were the servants, agents, employees, owners, operators, lessors, lessees or other negligent parties responsible for care, repair, service, and maintenance of defendants' vehicles) negligently permitted Defendant, Michael A. Tessel to operate their motor vehicle knowing that their motor vehicle was defective and not in proper working order.

6. It was reasonably foreseeable for Defendant, Data Trucking, Inc., Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees or other negligent parties), and/or Defendants, Jane Doe 1-5, Jane Doe Inc. 1-5, and the ABC Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown were the servants, agents, employees, owners, operators, lessors, lessees or other negligent parties responsible for care, repair, service, and maintenance of defendants' vehicles) knew

or should have known that Defendant, Michael A. Tessel would operate said motor vehicle despite the fact that the motor vehicle was defective and not in proper working order.

7.  Defendant, Data Trucking, Inc., Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees or other negligent parties), and/or Defendants, Jane Doe 1-5, Jane Doe Inc. 1-5, and the ABC Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown were the servants, agents, employees, owners, operators, lessors, lessees or other negligent parties responsible for care, repair, service, and maintenance of defendants' vehicles) knew or should have known that innocent persons would be injured as a result of their negligent entrustment.

8.  Defendant, Data Trucking, Inc., Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees or other negligent parties), and/or Defendants, Jane Doe 1-5, Jane Doe Inc. 1-5, and the ABC

Corporation 1-5, the latter names being fictitious, (the true identities being presently unknown were the servants, agents, employees, owners, operators, lessors, lessees or other negligent parties responsible for care, repair, service, and maintenance of defendants' vehicles) breached their duty not to expose others to reasonably foreseeable risks of injury by negligently entrusting their motor vehicle when they knew or reasonably should have known that the motor vehicle was defective and not in proper working order and would operate in a manner that would cause unreasonable risk of physical injury to others.

9.   Permitting Defendant, Michael A. Tessel to operate said defective motor vehicle involved an unreasonable risk of physical injury to others which is a reasonably foreseeable result of asking Defendant, Michael A. Tessel to operate the defective motor vehicle.

10.   Defendant, Data Trucking, Inc., Defendants, John Doe 1-5, John Doe Inc. 1-5, and the XYZ Corporation 1-5, (the latter names being fictitious, the true identities being presently unknown representing the owners, operators, lessors, lessees or other negligent parties), and/or Defendants, Jane Doe 1-5, Jane Doe Inc. 1-5, and the ABC Corporation 1-5, the latter names being fictitious, (the

33

true identities being presently unknown were the servants, agents, employees, owners, operators, lessors, lessees or other negligent parties responsible for care, repair, service, and maintenance of defendants' vehicles) breach of the duty not to expose others to a reasonably foreseeable risk of injury by negligently entrusting a defective motor vehicle to Defendant, Michael A. Tessel was a direct, legal, and proximate cause of, and substantial factor in the fatal motor vehicle collision involving the Plaintiff decedent Jean E. Schmidt.

11. On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

12. Plaintiff decedent, Jean E. Schmidt left surviving niece, Dawn Freeberg Espindola.

13. On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as the Executors of the Estate of Jean E. Schmidt.

14. In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiff, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for

injuries of a personal, pecuniary and punitive nature suffered by Plaintiff decedent, Jean E. Schmidt as well as medical, hospital, and funeral expenses and costs of decedent's burial.

15.  As a result of the negligence of the Defendants, jointly and/or severally, the Plaintiff decedent, Jean E. Schmidt sustained serious personal injuries resulting in death including but not limited to a significant limitation of use of a body function or system; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; a fracture; significant disfigurement; dismemberment; an inability to perform substantially all of her usual and customary daily activities for at least ninety (90) days with resultant medical and other expenses, loss of income and reduced earning capacity, pain and suffering, distress and pre-impact terror before, during and after the accident, an interference with the ability to engage in active pursuits; and an impairment of the quality of life.

16.  In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiff, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for pecuniary injuries and punitive damages pursuant to New

Jersey's Wrongful Death Statute N.J.S.A. 2A:31-1.

**WHEREFORE**, Plaintiff, the Estate of Jean E. Schmidt by its Executors, Richard S. Hong and Dawn Freeberg Espindola and Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola individually demand judgment against the Defendants jointly and/or severally on the Eleventh Count for pecuniary damages, punitive damages, interest and costs.

## TWELFTH COUNT

1. The allegations of the FIRST COUNT, SECOND COUNT, THIRD COUNT, FOURTH COUNT, FIFTH COUNT, SIXTH COUNT, SEVENTH COUNT, EIGHTH COUNT, NINTH COUNT, TENTH COUNT, and ELEVENTH COUNT, are repeated as if realleged in full are repeated as if realleged in full.

2. At all relevant times, Plaintiff, Dawn Freeberg Espindola was the niece of Plaintiff decedent, Jean E. Smith.

3. At all relevant times, Plaintiff, Richard S. Hong was the pastor of the church, First Presbyterian Church of Englewood that Plaintiff decedent, Jean E. Schmidt faithfully attended.

4. At all relevant times prior to her death, Plaintiff decedent, Jean E. Schmidt provided direct financial contributions, services, assistance, companionship,

advice, guidance, counsel, and training to her niece, Plaintiff, Dawn Freeberg Espindola, Plaintiff, Richard S. Hong, and other members of the First Presbyterian Church of Englewood community.

5. Due to the negligent acts and/or omissions of the defendants that resulted in the death of Plaintiff, Jean E. Schmidt, Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola have lost the direct financial contributions, services, assistance, companionship, advice, guidance counsel, and training to her niece, Plaintiff, Dawn Freeberg Espindola, Plaintiff, Richard S. Hong, and other members of the First Presbyterian Church of Englewood community.

6. On March 3, 2014, Plaintiff decedent, Jean E. Schmidt executed her Last Will and Testament which appointed Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as Executors of her estate.

7. On October 26, 2018, the Bergen County Surrogate's Court issued Letters Testamentary naming Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola as the Executors of the Estate of Jean E. Schmidt.

8. In their capacity as Executors of the Estate of Jean E. Schmidt, Plaintiffs, Richard S. Hong and Dawn Freeberg Espindola bring this action against Defendants for

37

pecuniary loss and pecuniary damages pursuant to <u>Green v. Bittner, et al</u>. 85 N.J. 1 (1980).

**WHEREFORE**, Plaintiff, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and Richard S. Hong and Dawn Freeberg Espindola, individually, demand judgment against the Defendants jointly and/or severally on the Twelfth Count for pecuniary loss, pecuniary damages, interest and costs.

> ROBERT B. LINDER
> Attorney for Plaintiffs
>
> _____
> ROBERT B. LINDER

Dated: September 17, 2020

## JURY DEMAND

Pursuant to Rule 4:35-1, the Plaintiffs hereby demand a trial by jury on all issues.

> ROBERT B. LINDER
> Attorney for Plaintiffs
>
> _____
> ROBERT B. LINDER

38

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005442-20

**Case Caption:** SCHMIDT JEAN VS TESSEL MICHAEL

**Case Initiation Date:** 09/17/2020

**Attorney Name:** ROBERT B LINDER

**Firm Name:** ROBERT B. LINDER

**Address:** 2 NORTH DEAN ST STE 206

ENGLEWOOD NJ 07631

**Phone:** 2018941800

**Name of Party:** PLAINTIFF : Schmidt, Jean, E

**Name of Defendant's Primary Insurance Company (if known):** PROGRESSIVE CASUALTYINS CO

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Are sexual abuse claims alleged by: Jean E Schmidt?** NO

**Are sexual abuse claims alleged by: Richard S Hong?** NO

**Are sexual abuse claims alleged by: Dawn Freeberg Espindola?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/17/2020
Dated

/s/ ROBERT B LINDER
Signed

EXHIBIT "C"

**Marc Jones**

| | |
|---|---|
| From: | Data Trucking- Michael Tessel <datatruckinginc@aol.com> |
| Sent: | Tuesday, October 13, 2020 2:48 PM |
| To: | Marc Jones |
| Subject: | RE: In Re Estate of Jean E. Schmidt        Claim No.:  18-3759699 |

Came on Yom Kippur,  I wasn't home.

Michael Tessel
Data Trucking Inc.
917 856 4366 cell
845 623 5347 fax
datatruckinginc@aol.com

On Tuesday, October 13, 2020 Marc Jones <MJones@c-wlaw.com> wrote:

What was the date that you were served with a copy of the Complaint, do you recall?

CORDIALLY YOURS,

MARC R. JONES | PARTNER

mjones@c-wlaw.com

# CIPRIANI & WERNER PC

155 GAITHER DRIVE – SUITE B

MOUNT LAUREL, NJ 08054

T:  856-761-3800 | www.c-wlaw.com

M: 609-206-8391

F:  856-437-7465

1

EXHIBIT "D"

## ROBERT B. LINDER

### ATTORNEY AT LAW

**2 NORTH DEAN STREET**
**SUITE 206**
**ENGLEWOOD, NEW JERSEY 07631**

TELEPHONE: (201) 894-1800
FACSIMILE:  (201) 567-6616

October 15, 2020

### VIA E-MAIL and FEDERAL EXPRESS

Marc R. Jones, Esq.
Cipriani & Werner PC
155 Gaither Drive – Suite B
Mount Laurel, New Jersey 08054

> **Re:  Estate of Jean E. Schmidt, et al. v. Tessel, et al.**
>       **Docket No.: BER-L-5442-20**

Dear Mr. Jones:

Please be advised that my office represents Plaintiffs, Estate of Jean E. Schmidt by the Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola and Richard S. Hong and Dawn Freeberg Espindola, individually with respect to the above-referenced matter.

Enclosed please find Plaintiffs' Response to Defendants' Demand for Statement of Damages.

Additionally, in accordance with 49 C.F.R. §387.303 and 49 C.F.R. §387.301T, Defendants' 2005 Isuzu FTR was required to maintain a minimum of $750,000.00 in liability insurance coverage.  Further, the New Jersey Deemer statute requires a minimum of $750,000.00 of liability insurance coverage for commercial vehicles.

Very truly yours,

ROBERT B. LINDER

RBL/dmb
Enclosures

**ROBERT B. LINDER, ESQ. 026251988**
**Attorney-At-Law**
**2 North Dean Street, Suite 206**
**Englewood, New Jersey   07631**
**(201) 894-1800**
**Attorney for Plaintiff(s)**

|  |  |
|---|---|
| ESTATE OF JEAN E. SCHMIDT BY THE EXECUTORS OF THE ESTATE, RICHARD S. HONG AND DAWN FREEBERG ESPINDOLA, AND RICHARD S. HONG AND DAWN FREEBERG ESPINDOLA, INDIVIDUALLY | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO.: BER-L-5442-20 |

ESTATE OF JEAN E. SCHMIDT BY
THE EXECUTORS OF THE ESTATE,
RICHARD S. HONG AND DAWN
FREEBERG ESPINDOLA, AND
RICHARD S. HONG AND DAWN
FREEBERG ESPINDOLA,
INDIVIDUALLY

        *Plaintiff(s),*

*Vs.*

MICHAEL A. TESSEL, DATA
TRUCKING, INC., JOHN DOE 1-5,
JOHN DOE INC. 1-5 and the XYZ
CORPORATION 1-5, (the latter names
being fictitious, the true identities being
presently unknown representing the
owners, operators, lessors, lessees and/or
other negligent parties), RICHARD
ROE 1-5, RICHARD ROE INC. 1-5,
and the EFG CORPORATION 1-5, the
latter names being fictitious, (the true
identities being presently unknown of
the parties responsible for screening,
hiring, orienting, training, retaining
and/or supervising defendant driver,
JANE DOE 1-5, JANE DOE INC. 1-5,
and the ABC CORPORATION 1-5, (the
latter names being fictitious, the true
identities being presently unknown were
the servants, agents, employees, owners,
operators, lessors, lessees and/or other
negligent parties responsible for care,
repair, service, and maintenance of
defendants' vehicles),

        *Defendant(s).*

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY
DOCKET NO.: BER-L-5442-20

Civil Action

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' DEMAND FOR A
STATEMENT OF DAMAGES**

TO:   Marc R. Jones, Esq.
      Cipriani & Werner PC
      155 Gaither Drive – Suite B
      Mount Laurel, New Jersey 08054
      Attorneys for Defendants

  Pursuant to the Rules of Court, Plaintiffs, Estate of Jean E. Schmidt by the

Executors of the Estate, Richard S. Hong and Dawn Freeberg Espindola, and

Richard S. Hong and Dawn Freeberg Espindola, Individually respond to

Defendants' Informal Demand for Statement of Damages as follows:

| | |
|---|---|
| First Count: | Five (5) Million Dollars |
| Second Count: | Five (5) Million Dollars |
| Third Count: | Five (5) Million Dollars |
| Fourth Count: | Five (5) Million Dollars |
| Fifth Count: | Five (5) Million Dollars |
| Sixth Count: | Five (5) Million Dollars |
| Seventh Count: | Five (5) Million Dollars |
| Eighth Count: | Five (5) Million Dollars |
| Nineth Count: | Five (5) Million Dollars |
| Tenth Count: | Five (5) Million Dollars |
| Eleventh Count: | Five (5) Million Dollars |
| Twelfth Count: | Five (5) Million Dollars |

         ROBERT B. LINDER, ESQ.
         Attorney for Plaintiffs
         Estate of Jean Schmidt, et al.

Dated: October 15, 2020

**EXHIBIT "E"**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**(Newark Vicinage)**

| | |
|---|---|
| ESTATE OF JEAN E. SCHMIDT, by the Executors of the ESTATE, RICHARD S. HONG AND DAWN FREEBERG ESPINDOLA; AND RICHARD S. HONG and DAWN FREEBERG ESPINDOLA, individually,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. TESSEL; DATA TRUCKING, INC.; JOHN DOE(S) (1-5); JOHN DOE INC.(S) (1-5); and XYZ CORPORATION(S) (1-5); RICHARD ROE(S) (1-5); RICHARD ROE INC.(S) (1-5); and EFG CORPORATION(S) (1-5); JANE DOE(S) (1-5); JANE DOE INC.(S) (1-5); and ABC CORPORATION(S) (1-5), (fictitious names),<br><br>Defendants. | Civil Action No.: |

## ANSWER AND DEFENSES OF DEFENDANTS, MICHAEL A. TESSEL AND/OR DATA TRUCKING, INC. TO PLAINTIFFS' COMPLAINT

Defendants, Michael A. Tessel and/or Data Trucking, Inc. (hereinafter referred to as "Defendants" or "Data Trucking"), by way of Answer to the Plaintiffs' Complaint, hereby states:

### FIRST COUNT

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Admitted.

4.      Defendants are without knowledge or information sufficient to form a belief as to the

truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

  5.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

  6.  Denied.

  7.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

  8.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

  9.  Denied.

  10.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

  11.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

  12.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

  13.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

  14.  Defendants are without knowledge or information sufficient to form a belief as to the

truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

<u>**SECOND COUNT**</u>

1.      Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.      Denied.

3.      Denied.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any

other relief that this Court deems just and appropriate.

## THIRD COUNT

1.     Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.     Denied.

3.     Denied.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## FOURTH COUNT

1.     Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.     Denied.

4

3.        Denied.

4.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

5.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## **FIFTH COUNT**

1.        Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.        Denied.

3.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

4.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof

thereof is demanded at the time of trial.

5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

8.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## SIXTH COUNT

1.    Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.    Denied.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

<u>**SEVENTH COUNT**</u>

1.     Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.     Denied.

3.     Denied.

7

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

### EIGHTH COUNT

1.      Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.      Denied.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

10.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

11.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

<u>**NINTH COUNT**</u>

1.      Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.      Denied.

3.      Denied.

[NUMBERING ERROR IN THE ORIGINAL]

13.      Denied.

14.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

15.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## TENTH COUNT

1.     Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## ELEVENTH COUNT

1.      Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Denied.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

5.      Denied.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## TWELFTH COUNT

1.      Defendants hereby incorporates their answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Michael A. Tessel and/or Data Trucking, Inc., hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Complaint with prejudice and respectfully requests

that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## SEPARATE DEFENSES

1.      The Complaint fails to state a claim upon which relief may be granted, and Defendants reserve the right to move to dismiss.

2.      The Complaint is barred by the applicable statute of limitations and/or statute of repose governing such claims.

3.      The incidents complained of were caused by third parties over whom Defendants had no control.

4.      If Plaintiffs sustained injuries or damages, those injuries or damages were proximately caused by the superseding intervening actions of others.

5.      Defendants breached no duty to any party herein.

6.      Plaintiffs' claims are barred by the doctrine of laches.

7.      Plaintiffs' claims are barred by the doctrine of waiver.

8.      Plaintiffs' claims are barred by the doctrine of unclean hands.

9.      Plaintiffs' claims are barred by the doctrine of estoppel.

10.     Plaintiffs' claims are barred by the doctrine of joint enterprise.

11.     Plaintiffs' claims are barred, in whole or in part, by the entire controversy doctrine.

12.     Without admitting any liability herein, and without admitting that Plaintiffs have suffered any damages at all, Plaintiffs failed to take reasonable steps to mitigate damages, if any.

13.     Defendants complied with all applicable and existing state and federal statutes and regulations and industry standards.

14.     Plaintiffs' claims are barred or diminished and reduced by the doctrine of comparative negligence under the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.*

15.     Plaintiffs' claims are barred or diminished and reduced by the Collateral Source Rule, as set forth in N.J.S.A. 2A:15-97.

16.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack the requisite standing to proceed with this litigation.

17.     This action is barred, in whole or in part, by Plaintiffs' failure to join a party without whom the action cannot proceed.

18.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to use a crosswalk and/or obey pedestrian signals and signage as required by N.J.S.A. 39:4-36.

19.     Defendants deny any claim for strict liability, if any.

20.     Defendants deny any claim for compensatory damages.

21.     Defendants deny any claim for punitive damages.

22.     Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction.

23.     Defendants reserve the right to rely upon any and all defenses as afforded by New Jersey's Wrongful Death Statute, N.J.S.A. 2A:31-4, *et seq.* and/or New Jersey's Survival Act, N.J.S.A. 2A:31-1, *et seq.*

24.     Service of process was insufficient and/or improper and Plaintiffs' claims should be dismissed accordingly.

25.     Plaintiffs' claims are barred, in whole or in part, by F.R.C.P. 11 (b), and, as present, is frivolous, improper, intended to harass, is unwarranted, baseless and is lacking in evidentiary support, and, as a result, Defendants are entitled to sanctions.

## REQUEST FOR STATEMENT OF DAMAGES

1.     You are hereby requested and required to furnish to the undersigned within five (5) days, a written statement of the amount of damages claimed.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Marc R. Jones, Esquire, is hereby designated as trial counsel in the above matter.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury as to all issues.

16

**CERTIFICATION**

The matter in controversy is not the subject to any other known action pending in any Court, or of

a known or contemplated arbitration proceeding.  There are no other parties known who should be joined

in this action.

**CIPRIANI & WERNER, P.C.**

MARC R. JONES, ESQUIRE (NJ#016022001)
Attorneys for Defendants – Michael A. Tessel and/or Data
Trucking, Inc.
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
856-761-3800
mjones@c-wlaw.com

DATED:        October 15, 2020